# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EDDIE LARRY YOUNG,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 18-028-JHP-KEW ) |
| **JOE ALLBAUGH, DOC Director,** | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who currently is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He is attacking the execution of his life sentence in McCurtain County District Court Case No. CRF-81-166 for First Degree Murder, setting forth two grounds for relief:

I. Administrators of Petitioner's judicially mandated sentence have utterly failed to administer his sentence in accord with his jury's expectation or the court's at the time of his sentencing.

II. Changes in State Constitution have denied Petitioner a vested right and expectation for service of his sentence in the Department of Corrections.

Respondent alleges Petitioner has failed to exhaust the state administrative and judicial remedies for his claims. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his

action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)). "This requirement extends to the exhaustion of *administrative* remedies as well." *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006) (emphasis in original) (citing *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus")).

Respondent alleges inmates are provided a method for seeking formal administrative decisions or answers to issues or complaints. The process begins with the submission of a Request to Staff (RTS). If the issue is not resolved informally through an RTS, the inmate may submit an Offender Grievance Form within 15 days and attach the RTS. The final step of the grievance process is an appeal to the Administrative Review Authority (ARA). (Dkt. 7-2). Mark Knutson, ARA Manager of the DOC, states by affidavit that he reviewed the ARA records and found no record of Petitioner's submission of an appeal or any correspondence concerning the administration of his sentence. (Dkt. 7-4).

Petitioner alleges in his response to the motion to dismiss that the issues he has presented in this petition are not subject to the administrative exhaustion requirement. (Dkt. 10). He argues that matters concerning parole proceedings are not under the control or authority of the DOC and thus are not subject to the DOC's grievance procedures. Respondent has not replied to Petitioner's allegations.

Respondent also asserts Petitioner has not exhausted his state judicial remedies. This

argument, however, is not supported with relevant authority. Petitioner maintains the state courts have addressed his claims through the state post-conviction process, although he has provided no documentation of these proceedings. Again, Respondent has failed to reply to Petitioner's allegations.

The state courts' online records, however, show that on August 29, 2016, Petitioner filed an application for post-conviction relief in the McCurtain County District Court, alleging (1) the Oklahoma legislature has determined a life sentence to be 45 years, or 38 years with credit deductions; (2) ex post facto changes entitled him to have his sentence voided; and (3) the Fourteenth Amendment gives him the right to set his life sentence between 18 and 20 years and to allow this claim to proceed as a class action. *Young*, No. CRF-81-166, slip op. at 3 (July 12, 2017).[1] The district court denied relief, finding it lacked authority to modify the number of years of Petitioner's sentence or to modify his Judgment and Sentence. *Id.*, slip op. at 7. The Oklahoma Court of Criminal Appeals affirmed, finding "Petitioner's propositions of error either were or could have been raised in his previous applications for post-conviction relief, and are thus barred or waived." *Young v. State*, No. PC-2017-268, slip op. at 2 (Okla. Crim. App. Sept. 19, 2017) (citing Okla. Stat. tit. 22, § 1086 (2011); *Fowler v. State*, 896 P.2d 566, 569 (Okla. Crim. App. 1995)).

Although there is uncertainty about whether Petitioner's claims are exhausted, the

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

Court finds the petition can be decided on the merits. Petitioner argues that at the time of his sentencing, he had a reasonable expectation of release, given good behavior. He complains that the standards for release, however, have changed drastically to his detriment. Petitioner further contends he has received more than enough credits to discharge his maximum sentence of 60 years, as established by state statute in 1997, pursuant to Okla. Stat. tit. 57, § 138(A). He further complains that the frequency of parole hearings and the composition of the Board of Pardons and Parole has changed to include former police officers, judges, and prosecutors. Therefore, the persons who helped convict a prisoner now have input concerning whether parole should be granted.

Respondent maintains Petitioner has not completed his life sentence, and inmates serving life sentences are incarcerated for all of their natural lives, unless they receive a pardon or commutation. *See Anderson v. State*, 130 P.3d 273, 286-87 (Okla. Crim. App. 2006) ("Defendants sentenced to life imprisonment in this way remain under that sentence all of their days, and obtain their liberty only after a recommendation from the Pardon and Parole Board, and then only conditionally, under terms dictated by the Governor, if ever.") (Lewis, J., specially concurring). The United States Supreme Court has upheld the constitutionality of sentences for the duration of an offender's natural life when such sentences were not grossly disproportionate to the crime committed. *Ewing v. California*, 538 U.S. 11 (2003); *Harmelin v. Michigan*, 501 U.S. 957 (1991).

Furthermore, contrary to Petitioner's assertions, Oklahoma law prohibits the use of earned time credits to reduce a sentence of life imprisonment. Okla. Stat. tit. 57, § 138(A)

4

("No deductions [by application of earned credits] shall be credited to any inmate serving a sentence of life imprisonment . . . ."). *See also Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994) (construing a similar New Mexico statute and concluding that inmates serving life sentences do not have a liberty interest in good time credits); *Gamble v. Evans*, 165 F. App'x 698, 700 (10th Cir. Feb. 8, 2006) (holding that Oklahoma inmate serving life sentence is not entitled to use earned time credits for early release and accordingly enjoys no liberty interest in the credits).

Petitioner cites no relevant, controlling authority for his claim that his life sentence should be construed as a sentence which is less than his natural life. In the recent unpublished opinion of *Daniels v. State*, No. PC-2016-1175 (Okla. Crim. App. Mar. 23, 2017) (Dkt. 8-4), the OCCA rejected a prisoner's argument that his life sentence for first degree murder should be modified to a term of years:

> Absent a prisoner receiving a commutation, a life sentence simply cannot be discharged during a prisoner's lifetime. "[I]t has been uniformly held by this court that where the penalty is imprisonment the sentence may be satisfied only by the suffering of the actual imprisonment imposed." *Ex parte McCollum*, 212 P.2d 161, 163 (1949). As none of Petitioner's cited authorities can operate to magically convert Petitioner's life sentence into a dischargeable term, the District Court's denial of post-conviction relief should be affirmed.

*Daniels*, slip op. at 3-4 (footnote omitted) (Dkt. 7-6). *See also Lee v. State*, 422 P.3d 782, 785 n.1 (Okla. Crim. App. 2018) ("Under our penal statutes, a life sentence means the natural life of the offender. The fact that the Pardon and Parole Board has arbitrarily set forty-five (45) years as the number the Board will use to comply with the 'Forgotten Man Act,' Okla. Stat. tit. 57, § 332.7 (2013), does not affect the actual sentence; the number affects only when

5

the Board will consider the inmate for purposes of parole."). After careful review, the Court finds Petitioner is not entitled to the relief he has requested.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss (Dkt. 7) is GRANTED, and Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 23rd day of October, 2018.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma